UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | CRIMINAL ACTION |
| VERSUS | |
| | NO. 13-057-JJB |
| CHARLES BOYER | |

### RULING ON DEFENDANT'S MOTION TO SEVER

This matter is before the Court on a Motion to Sever Defendant and Charges (doc. 183) brought by Defendant, Charles Boyer. The Government has filed an opposition (doc. 207). Oral argument is unnecessary. For the reasons stated herein, Defendant's Motion to Sever is DENIED.

Background

Charles Boyer is one of eight defendants charged in a drug conspiracy which allegedly spanned from in or before August 2006 to in or about September 2011. The Second Superseding Indictment charges Boyer, along with his alleged co-conspirators, with one count of conspiracy. Additionally, Boyer and his co-defendants are charged in Count 5 of the Second Superseding Indictment with carjacking and in Count 6 for carrying, and discharging a firearm during and in relation to a crime of violence and drug trafficking crime. Boyer has pled not guilty to all of the charges. He now moves this Court to sever his trial from that of the co-defendants, or in the alternative, his substantive charges from the conspiracy charge. In support of his motion, Boyer argues that he is entitled to severance because the multitude of charges and defendants in the Second Superseding Indictment will have an unfair prejudicial effect on his trial.

1

Law and Analysis

Under the Federal Rules of Criminal Procedure, offenses may be charged in the same indictment if those offenses are (1) of the same or similar character; (2) based on the same act or transaction; or, (3) connected with or constitute parts of a common scheme or plan. FED. R. CRIM. P. 8(a). Regarding joinder of defendants, Rule 8(b) provides that the indictment "may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Rule 8(b) further provides, "[t]he defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count."

There is a well-recognized preference in the federal system for joint trials of defendants who are indicted together. *Zafiro v. U.S.*, 506 U.S. 534 (1993); *see also United States v. Rocha*, 916 F.2d 219, 228 (5th Cir. 1990) (articulating the general rule that "persons that are indicted together should be tried together."). This preference particularly holds true in conspiracy cases. *U.S. v. Stalnaker*, 571 F.3d 428, 434 (5th Cir. 2009). Trying defendants together generally serves the interests of justice and promotes efficiency. *Zafiro*, 506 U.S. at 537-38.

Rule 14 of the Federal Rules of Criminal Procedure provides, "[i]f the joinder of offenses or defendants in an indictment . . . or a consolidation for trial appears to prejudice a defendant or the government, the court *may* order separate trials of counts, sever the defendants' trials, *or provide any other relief that justice requires*" (emphasis added). The test for severance based on Rule 14 considers whether the jury could reasonably sort out the evidence and view each defendant and related evidence separately. *U.S. v. Merida*, 765 F.2d 1205, 1219 (5th Cir. 1985). If a trial court determines that cautionary instructions are sufficient, severance is not required. *Id.*; *Zafiro*, 506 U.S. at 539. Indeed, "Rule 14 does not require severance even if prejudice is

shown; rather it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538-39.

This court finds that the defendants were properly joined together, as they are each charged with a role in the same conspiracy, which is part of the "same series of acts or transactions, constituting an offense or offenses," as required by Rule 8(b). *See also Rocha*, 916 F.2d at 228 ("Because the indictment alleged that each of the defendants participated in the same conspiracy, the requirements of Rule 8 have been satisfied and joinder was proper.").

Boyer argues that he will be unfairly prejudiced by a joint trial because of the large numbers of firearms, convicted felons, and drug transactions alleged in the Second Superseding Indictment. He asserts that he will be particularly prejudiced because he was living out of the state while a majority of these alleged incidents took place. Boyer contends that a jury will not be able to distinguish his purported temporally limited involvement with that of his co-defendants, who may have participated in the conspiracy for its full duration. Additionally, he points out that unlike his co-defendants, he is not a convicted felon, and he is concerned about the potential spillover effect. Finally, Boyer argues that he will be prejudiced because the Second Superseding Indictment appears to charge multiple conspiracies which risk a variance.[1]

While there may be a possibility of prejudice in a joint trial, this possibility alone does not warrant severance. Instead of severance, this Court finds that it can sufficiently mitigate the possibility of prejudice through jury instructions and by continuing to monitor this case as it progresses to trial. *See Rocha*, 916 F.2d at 228-29 (reiterating that "severance is not required, even where the quantum and nature of the proof in each case is different, so long as the trial

---

[1] As the law makes clear, whether Count 1 of the Second Superseding Indictment alleges multiple conspiracies presenting a risk of variance is an issue to be determined at trial by the jury. *United States v. Pena-Rodriguez*, 110 F.3d 1120 (5th Cir. 1997) ("Whether the evidence shows one or multiple conspiracies is a question of fact for the jury."). As such, the Court will not consider this issue at this time.

3

court repeatedly gives cautionary instructions….Similarly, evidence of the reputation or past crimes of one co-defendant…does not ordinarily justify severance."); *see also U.S. v. Bullock*, 71 F.3d 171, 175 (5th Cir. 1995) (noting that juries are presumed to follow the court's instructions). Therefore, the Court finds that in light of alternative remedies, severance is not necessary to avoid possible prejudice.

## Conclusion

Accordingly, the Defendant's Motion to Sever Defendant and Charges (doc. 183) is DENIED.

Signed in Baton Rouge, Louisiana, on December 3, 2013.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**